**UNITED STATES of America,**
**Appellee,**

v.

**Daniel Clayton SWAIN, Defendant,**
**Appellant.**

**No. 01–1404.**

United States Court of Appeals,
First Circuit.

Nov. 2, 2001.

Brett D. Baber, for appellant.

F. Mark Terison, Senior Litigation Counsel, with whom Paula D. Silsby, United States Attorney, was on brief, for appellee.

Before SELYA, Circuit Judges, STAHL, Senior Circuit Judge, and DOUMAR, Senior District Judge.*

* Of the Eastern District of Virginia, sitting by designation.

PER CURIAM.

Daniel Clayton Swain pled guilty to possession of an unregistered short-barreled rifle. 26 U.S.C. § 5861(d) (1994). He appeals the District Court's application of the sentencing guidelines; specifically, its enhancement of his sentence based on the finding that his prior conviction in 1993 for a misdemeanor crime of domestic violence (a conviction under Maine's misdemeanor assault statute, Me.Rev.Stat. Ann. tit. 17–A, § 207), had disqualified him from possessing a firearm. 18 U.S.C. § 922(g)(9) (1994). For the reasons that follow, his sentence is affirmed.

In sentencing Swain, the district court settled on a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(B) because the offense involved a firearm described in 26 U.S.C. § 5845(a), and Swain was a "prohibited person" because his prior Maine assault conviction was a misdemeanor crime of domestic violence under 18 U.S.C. §§ 921(a)(33)(A) and 922(g)(9). After a reduction for acceptance of responsibility, Swain was sentenced to twenty-seven months, the minimum of his guideline range, and appeals this sentence.

The Maine statute under which Swain was previously convicted defines misdemeanor assault as "intentionally, knowingly, or recklessly caus[ing] bodily injury or offensive physical contact to another." Me.Rev.Stat. Ann. tit. 17–A, § 207. The federal statute requires that, in order for a misdemeanor crime of domestic violence to be a sufficient predicate to prohibit a person from possessing a firearm, it must have "as an element, the use or attempted use of physical force." 18 U.S.C. § 921(a)(33)(A)(ii).

Swain's appeal was heard as part of a consolidated set of appeals challenging whether or not Maine's misdemeanor assault statute, tit. 17–A, § 207, is a sufficient predicate misdemeanor to sustain a conviction, and therefore an indictment, under the federal statute making it a crime for a person previously convicted of a misdemeanor crime of domestic violence to possess a firearm. 18 U.S.C. § 922(g)(9) (1994). In our Opinion in *United States v. Nason*, 269 F.3d 10 (1st Cir.2001) [No. 01–1440], we held that "all convictions under Maine's general-purpose assault statute, Me.Rev.Stat. Ann. tit. 17–A, § 207(1), necessarily involve, as a formal element, the use of physical force." Therefore, by pleading guilty to an assault against his wife under the Maine assault statute, Swain necessarily pled guilty to a crime with an element of physical force as defined in 18 U.S.C. § 921(a)(33)(A)(ii). As a result, the district court was correct to find that Swain was a "prohibited person" under Sentencing Guideline § 2K2.1(a)(4)(B) when it sentenced him for illegal possession of an unregistered short-barreled rifle.[1]

*Affirmed.*

---

1. It is noted that the trial court acted properly in making determinations of fact under the preponderance of the evidence standard at sentencing in rejecting the testimony of the defendant and relying on the certified police report from the prior state court proceedings to find that domestic violence resulting in physical injury to the defendant's wife was actually involved. *See United States v. Shepard*, 231 F.3d 56, 62 (1st Cir.2000). Clearly, our decision in *Nason, supra*, would negate any such testimony as prior state convictions may not be attacked collaterally during a federal sentencing hearing. *Custis v. United States*, 511 U.S. 485, 497, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994).